This is the appeal of Alma Shaw from a judgment entered in favor of Ralph Bunn in the District Court of the First Judicial District of Morris County for $500. The complaint is in two counts; the first count alleging that on September 26, 1946, plaintiff owned a certain fox hound which the defendant, without cause or provocation, shot and killed. The second count charges that the defendant did maliciously and wantonly and without provocation shoot and kill the said fox hound. The matter was tried before the court without jury.
The plaintiff released two fox hounds within several hundred feet of the defendant's farm, which was posted against hunting and trespassing. The dogs, following a cold fox track, came on the defendant's pasture where some 33 bred ewes and a ram were grazing. The only eye witnesses to the event were the defendant and her son, Albert E. Shaw, Jr. The defendant testified that the dog was barking and exciting and troubling the sheep; that the sheep were in full gallop. Her son, who shot the dog at the defendant's direction, testified that the dogs were near the sheep; that he did not see either of the dogs bite the sheep or spring at the sheep and that at no time did they make a move to attack, but that they did frighten them. He also testified that nothing he saw up to the time he shot the plaintiff's dog led him to believe that the dogs were going to harm the sheep and that they did not at any time do so. When asked the direct question whether the dogs were chasing the sheep, he answered "They were running in the same direction." The defendant testified that the sheep and dogs were running in the same direction, the dogs behind the sheep, that when she first saw the dogs, she did not have any idea whether they were after the sheep. *Page 478 
When interviewed on the same day of the shooting by Mr. Fred C. Craig, he asked her specifically whether the dog was chasing or attempting to kill her sheep and her answer was "no, but he had no right to be on the property."
The decision of the court below was based upon R.S. 4:19-9 reading: "A person may humanely destroy a dog in self defense, or which is found chasing, worrying, wounding or destroying any sheep, lamb, poultry or domestic animal." In limiting the right to destroy a dog to the statute, the court fell into error. Under the common law, the owner of property may kill a dog to prevent the destruction of or damage to his property, if he has reasonable grounds to believe that such killing is necessary to prevent such destruction or damage. Simmonds v. Holmes,61 Conn. 1, 23 A. 702 (Sup. Ct. 1891). The rule is stated inBaker v. Howard County Hunt, 171 Md. 159, 188 A. 223 (Ct.of App. 1936), to be that one "may kill it (a dog) in defense of his person, his property, or of other persons, where circumstances justify a reasonable belief that so extreme and drastic a measure is necessary to protect himself, his family or his property from harm." See 2 Am. Jur. 762.
The issue was whether the defendant at the time she gave instructions to her son to shoot the plaintiff's dog, had reasonable cause to believe that it was necessary to do so in order to prevent injury to her flock.
It is significant that the son saw the dogs make no move to hurt the sheep, and the defendant testified that when she first saw the dogs she did not have any idea that they were after her sheep and that the reason she directed her son to shoot them was that they were within 10 feet of the sheep, and that her directions were given because the dog was causing the sheep undue excitement. She did not deny that she told Mr. Craig that the dog was not chasing or attempting to kill or attack her sheep but merely that he had no right to be on the property. She said that she did not recall having so spoken.
In view of the fact that the court below did not make a finding of whether the defendant had reasonable grounds *Page 479 
to believe that shooting the dog was necessary, this court, underRule 1:2-20(a), finds that the defendant did not have reasonable grounds for such belief.
Accordingly, the judgment under appeal is affirmed.